NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRANCE MARSH; SANDI EDDE; THEODORE MENDOZA; REBECCA VAN ANTWERP; LINDSAY MACOMBER; KAREN JORDAN; STACEY DAVIDSON; BARBARA GROSSE; TAMELA DIOSO; KISKA CARTER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AFSCME LOCAL 3299; MICHAEL V. DRAKE, M.D., in his official capacity as President of the University of California; ROB BONTA, in his official capacity as Attorney General of California, <br><br> Defendants-Appellees. | No. 21-15309 <br><br> D.C. No. 2:19-cv-02382-JAM-DB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 5, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiffs Terrance Marsh, Sandi Edde, Theodore Mendoza, Rebecca Van Antwerp, Lindsay Macomber, Karen Jordan, Stacey Davidson, Barbara Grosse, Tamela Dioso, and Kiska Carter appeal from the district court's dismissal of their 42 U.S.C. § 1983 action alleging that the deduction of union membership dues from their pay violated their First and Fourteenth Amendment rights under *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, ___U.S.___, 138 S. Ct. 2448 (2018). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Wright v. SEIU Local 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023). We may affirm on any ground supported by the record. *Ochoa v. Public Consulting Group, Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). We affirm.[1]

The district court properly dismissed as moot the First and Fourteenth Amendment claims seeking prospective relief. Plaintiffs resigned from the union and were no longer paying dues. Plaintiffs merely speculated that the union might forge membership agreements in the future. Allegations of past injury, alone, with only the potential for future unauthorized dues deductions are too speculative to support a claim for prospective relief. *Wright*, 48 F.4th at 1118-20; *see Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1214 (9th Cir. 2018) (holding that a teacher's

[1]This appeal has been held in abeyance since February 10, 2022, pending issuance of the mandates in Nos. 20-56045, *Savas v. CSLEA* and 20-36076, *Zielinski v. SEIU, Local 503*, or further order of this court. The stay is lifted.

claim was moot where she had cancelled her union membership and merely speculated that she might be subject to union dues in the future).

The district court did not abuse its discretion by striking the class allegations made for the first time in the second amended complaint. Plaintiffs did not seek leave of the court. Nor did the prior dismissal order allow plaintiffs to add class claims to the second amended complaint. Moreover, plaintiffs could not revive their already-moot claims by amending to add new claims. *See Bain,* 891 F.3d at 1213-14, 1216-18 (holding that the plaintiffs could not revive their moot claims by adding a new plea for restitution or by seeking to add an organizational plaintiff). In any event, *Janus* did not give plaintiffs a First Amendment right to disregard the terms of their private agreements to join the union and pay dues. *Belgau v. Inslee*, 975 F.3d 940, 944, 950-51 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021). Nor did it require that the government independently verify a union's certification of membership and dues deductions. *Wright*, 48 F.4th at 1125.

The district court properly dismissed for failure to state a claim the civil rights claims seeking retrospective relief from the union. The union was not a state actor when it certified to the state employers that plaintiffs had agreed to pay dues. *Id.* at 1121-25; *Belgau*, 975 F.3d at 946-49.

**AFFIRMED.**

3